**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-81264-RAR**

**BERNARD FERGUSON**,

      Plaintiff,

v.

**PALM BEACH COUNTY SHERIFF'S**
**DEPARTMENT OF CORRECTIONS**, *et al.*,

      Defendants.

_____/

## ORDER DISMISSING COMPLAINT IN PART AND GRANTING LEAVE TO AMEND

**THIS CAUSE** comes before the Court on Plaintiff's *pro se* civil rights Complaint filed under 42 U.S.C. § 1983.  *See* Complaint ("Compl."), [ECF No. 1].  Plaintiff, a pretrial detainee at the "West Detention Center" in Palm Beach County, Florida (the "Jail"), alleges that eight individuals and entities associated with the Jail have been deliberately indifferent to his serious medical needs by refusing to provide him with "buprenorphine" to treat his "opioid-use disorder." *Id.* at 8.

After carefully reviewing the Complaint, the Court finds that Plaintiff has stated a *prima facie* deliberate indifference claim against some (but not all) of the Defendants, but the Complaint cannot proceed to service because it does not comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  Accordingly, the Court will dismiss some of Plaintiff's claims and order Plaintiff to file an amended complaint to address these remaining procedural and substantive defects before it will allow the remaining claims to proceed to service.

## FACTUAL ALLEGATIONS[1]

Plaintiff "was a regular heroin and oxycodone user," and admits that he was "addicted" to these substances and "other opiates" in the past.  *Id.* at 6.  Prior to his incarceration, Plaintiff "had been participating in a Suboxone treatment" at a local clinic.[2]  *Id.*  Plaintiff informed the Jail's medical staff during his intake that he "had been participating in Suboxone treatment" and that he "had already begun to experience withdrawal symptoms," but the Jail "never provided me with any treatment for my addiction."  *Id.*  Plaintiff's withdrawal symptoms continued to worsen—he suffered from "vomiting, nausea, diarrhea, loss of appetite, shakes, and fatigue"—until he began to "self-medicat[e] . . . through unconventional means[.]"  *Id.* at 6–7.[3]

Plaintiff again requested Suboxone from the Jail's medical staff, who now informed him that he should "sign-up for the M.A.P.S. program" and complete "an 85 day drug education program called 'Another Way.'"  *Id.* at 7.  After fulfilling these requirements, Plaintiff met with Defendant Allison Perry, the Director of "The Recovery Research Network," to discuss Petitioner's "opioid-use history."  *Id.*  Ms. Perry arranged for Plaintiff to meet with Defendant Dr. Ronald Waits the next day.  *See id.*  At his meeting with Dr. Waits, Plaintiff admitted that he "had been self-medicating" with Suboxone to avoid withdrawal symptoms after a urinalysis drug test revealed that Plaintiff "had Suboxone in [his] system."  *Id.* at 7–8.  Despite the positive drug test,

---

[1]  Since the screening standard under § 1915A is functionally similar to the "failure to state a claim standard" under FED. R. CIV. P. 12(b)(6), the Court will assume all of the factual allegations in the Complaint are true.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  The parties should not interpret the Court's recitation of the factual allegations in the Complaint as a comment on their veracity.

[2]  "Suboxone" is a brand name for the drug "buprenorphine," which is both a Schedule III narcotic and a treatment for patients who are addicted to opioids.  *See United States v. Abovyan*, 988 F.3d 1288, 1296 (11th Cir. 2021).

[3]  Although Plaintiff never explicitly says so, the unavoidable conclusion is that Plaintiff began self-medicating with contraband Suboxone.

Dr. Waits diagnosed Plaintiff with opioid-use disorder ("OUD") and prescribed Plaintiff buprenorphine to treat it. *See id.*

On August 7, 2023, after receiving his prescription for buprenorphine for three days, Plaintiff was approached by Defendant Sergeant Faircloth. Sgt. Faircloth informed Plaintiff that he had been issued a disciplinary report for "misuse of authorized medication" because of his positive drug test <u>before</u> Dr. Waits had prescribed him buprenorphine. *See id.* at 8. Sgt. Faircloth then explained that Plaintiff "was being taken off [his] medication pursuant to the Department's policy." *Id.* at 9. Since then, Plaintiff has not received any buprenorphine for his OUD and is currently suffering "severe side effects from the withdrawals." *Id.* at 9.

Plaintiff eventually saw a different Jail doctor, Defendant Dr. Mouhammed,[4] on August 16, 2023. Dr. Mouhammed told Plaintiff that "he would leave it to Dr. Waits to put me back on Suboxone because he took me off, but he acknowledged that it was a mistake to take me off." *Id.* at 10. The next day, on August 17, 2023, Plaintiff "woke up laying in my own feces and bodily waste" and "collapsed" from the "terrible withdrawal symptoms." *Id.* When Plaintiff saw Ms. Perry later that day, he "explained to her everything that has taken place in the past two weeks." *Id.* at 11. Ms. Perry agreed that she would "try to talk to Dr. Waits" about getting Plaintiff back on medication. *Id.* Despite Dr. Mouhammed and Ms. Perry's promises, Plaintiff still is not receiving buprenorphine and is suffering from severe withdrawal symptoms while in the Jail. *See id.* at 11–13.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A

---

[4] In another portion of the Complaint, Plaintiff indicates that Dr. Mouhammed might be an advanced registered nurse practitioner—not a doctor. *See* Compl. at 2.

(emphasis added).  The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c).  In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Similarly, if a plaintiff wishes to proceed *in forma pauperis* rather than prepaying the filing fee, § 1915(e)(2) requires the court to "dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A.  *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal quotation marks omitted).

Although the Court must hold the allegations in a *pro se* civil rights complaint "to a less stringent standard than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are still required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[A *pro se* litigant] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also* S.D. FLA. L.R. 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party

that is proceeding *pro se*).  The Federal Rules of Civil Procedure require, in pertinent part, that a pleading that states a claim for relief contain "a short and plain statement of the grounds for a court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]"  FED. R. CIV. P. 8(a).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."  FED. R. CIV. P. 10(b).

If a plaintiff fails to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with the appropriate procedural rules, its usefulness is substantially diminished.  Still, a *pro se* litigant must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Plaintiff names eight Defendants in his Complaint: the "Palm Beach County Sherriff's Department of Corrections" ("PBSO"), Wellpath Medical, LLC, Dr. Waits, Ms. Perry, Sheriff Ric L. Bradshaw, Sgt. Faircloth, Dr. Mouhammed, and "The Recovery Research Network, Inc." Compl. at 2–3.  Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment and Due Process Clause of the Fourteenth

Amendment,[5] by depriving him of buprenorphine for non-medical reasons. *See id.* at 12–13.  To state a valid deliberate-indifference-to-medical-needs claim, Plaintiff must show that he had a "serious medical need," that each defendant exhibited "deliberate indifference to that need," and that there was "causation between [each defendant's] indifference and [Plaintiff's] injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).   After reviewing Plaintiff's allegations, the Court finds as follows: (1) Plaintiff has stated a deliberate indifference claim against <u>four</u> defendants, (2) two of the four remaining defendants must be dismissed from this action without giving Plaintiff an opportunity to amend his claims against them, and (3) leave to amend should be granted to remedy the remaining issues with the Complaint.

### A.   The Deliberately Indifferent Defendants

First, the Court finds that the facts alleged in the Complaint, if true, appear to be sufficient to state a deliberate indifference claim.   Plaintiff avers that he needs buprenorphine to treat his OUD and, without it, he suffers from severe withdrawal symptoms (*e.g.*, vomiting, diarrhea, loss of appetite, "shakes," and fatigue). *See* Compl. at 6–7.  He further explains that Dr. Waits initially prescribed him buprenorphine after determining it was medically necessary to treat Plaintiff's OUD, but that Sgt. Faircloth ordered Plaintiff's prescription be rescinded three days later for a non-medical reason—Plaintiff's failed drug test. *See id.* at 7–9.  These allegations establish a constitutional violation.   Federal courts around the country have held that OUD (and the side effects of withdrawal from opioid usage) are "serious medical needs." *See Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512–13 (7th Cir. 2005) (holding that "forced withdrawal from methadone" constituted a "serious medical need"); *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022,

---

[5]  As a pretrial detainee, "the Eighth Amendment prohibition on cruel and unusual punishment" does not govern Plaintiff's claim, but this has no impact on the Court's analysis since "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

1039 (10th Cir. 2020) (Bacharach, J., concurring in part and dissenting in part) ("Just as withdrawal from alcohol can constitute a serious medical need when the symptoms are severe, so too can withdrawal from opiates like heroin.").  And a jail official's decision not to treat a "serious medical need" for non-medical reasons is textbook "deliberate indifference." *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out.").

The next question, then, is whether any of the Defendants' deliberate indifference caused Plaintiff's injury.  Based on the contents of the Complaint, the Court is confident that four Defendants might fit the bill: PBSO, Dr. Waits, Sgt. Faircloth, and Sheriff Bradshaw. According to Plaintiff, Dr. Waits was "deliberately indifferent to my serious medical needs by taking me off of my medication that he himself prescribed as a punishment while the medical needs still exist." Compl. at 12.  The Court agrees that this is more than sufficient to state a claim of deliberate indifference against Dr. Waits.  *See Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997) ("[A]n official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate."), *overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317 (11th Cir. 2009).  Likewise, Plaintiff says that Sgt. Faircloth deliberately "took me off of the medication as punishment" even though he had spoken to Dr. Waits and the Jail's medical staff about why Plaintiff had been prescribed buprenorphine.  Compl. at 13.  This, if true, would also constitute deliberate indifference.  *See Lancaster*, 116 F.3d at 1425.

Sheriff Bradshaw and PBSO are also proper defendants, albeit for different reasons than Dr. Waits and Sgt. Faircloth.  A supervisory official (such as a sheriff) is not "liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*,

193 F.3d 1263, 1269 (11th Cir. 1999)).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*  The Eleventh Circuit has identified three ways that a plaintiff can demonstrate this "causal connection": (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" (2) the supervisor has a "custom or policy" which "results in deliberate indifference to [the plaintiff's] constitutional rights," or (3) the supervisor failed "to adequately train [his] officers"—which is a *de facto* policy that "giv[es] rise to governmental liability." *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (cleaned up).  Similarly, to bring a § 1983 claim against a local government entity like PBSO, Plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff has advanced both a supervisory liability claim against Sheriff Bradshaw and a municipal liability claim against PBSO because he alleges the existence of an established policy that caused the Jail's employees to be deliberately indifferent.  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).  According to Plaintiff, Sheriff Bradshaw—in his capacity as the Sheriff of PBSO—promulgated a specific policy which deprives inmates (like himself) of medically-necessary prescriptions if they "misuse" them or fail a drug test. *See* Compl. at 9, 14.  At this stage of the proceedings, where the Court must accept everything the Plaintiff avers as true, the Court finds that this alleged policy "directs an employee" to violate an inmate's constitutional rights by

withholding medical treatment for non-medical reasons, *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).  Therefore, Plaintiff has stated a claim against Sheriff Bradshaw and PBSO.

However, for reasons the Court will soon explain, none of the claims against these four Defendants will be allowed to proceed until Plaintiff remedies the procedural defects that hinder the instant Complaint.

### B.  The Remaining Defendants

Before addressing the Complaint's procedural issues, the Court will address the four remaining Defendants.  To make a long story short, the Court finds that Plaintiff has failed to state a claim against any of them.  However, since Plaintiff needs to file an amended complaint no matter what, the Court will give Plaintiff an opportunity to amend his claims against two of these Defendants: Ms. Perry and Dr. Mouhammed. On the other hand, the other two Defendants (Wellpath and The Recovery Research Network) must be dismissed from this action since any further attempt to state a claim against them would be futile.  *See Bryant*, 252 F.3d at 1163.

Plaintiff's claims against Ms. Perry and Dr. Mouhammed are subject to dismissal since it is unclear whether they "caused" Plaintiff's injuries.  Plaintiff asserts that he informed Ms. Perry and Dr. Mouhammed that he had been taken off buprenorphine, but that neither of them convinced Dr. Waits to resume the prescription. *See* Compl. at 13.  Neither of these Defendants, by Plaintiff's own admission, were responsible for depriving him of access to buprenorphine.  Their only link to the alleged constitutional violation is that they were not able to reverse the Jail's decision to no longer supply Plaintiff with buprenorphine. *See id.*  From what the Court can gather, neither Ms. Perry nor Dr. Mouhammed could have prescribed buprenorphine <u>even if they wanted to</u> since the authority to make that decision was apparently vested in Dr. Waits. *See, e.g.*, Compl. at 7 (explaining that Ms. Perry referred Plaintiff to Dr. Waits to treat his OUD); *see also LaMarca v.*

*Turner*, 995 F.2d 1526, 1538–39 (11th Cir. 1993) (holding that, to show causation, the defendant's actions "must . . . have been the proximate cause of the plaintiffs' injuries").  If Plaintiff wishes to bring a claim against these two defendants, he must show in his amended complaint that they actually had the power to remedy Plaintiff's injuries but, through their own deliberate indifference, failed to do so.

Conversely, the Court will not allow Plaintiff to amend his claims against Wellpath and The Recovery Research Network.  Plaintiff explains that these two entities "provide on-site medical services at PBSO Department of Corrections, pursuant to a contract with Palm Beach County."  Compl. at 6.  When a private corporation "contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state.  In so doing, it becomes the functional equivalent of a municipality." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).  Thus, these defendants cannot be liable under § 1983 unless they promulgated a "custom or policy" that caused Plaintiff's injuries, *see id.*, but Plaintiff cannot meet this burden.  Plaintiff has already alleged that it was Sheriff Bradshaw and the PBSO—not Wellpath and The Recovery Research Network—that are responsible for the policy which is purportedly violating Plaintiff's constitutional rights.  *See* Compl. at 13–14.  And, as a practical matter, it is simply not conceivable for a private corporation that provides medical services to be responsible for a policy that is designed to discipline prisoners for violating a jail's rules.  Since Plaintiff cannot show that Wellpath and The Recovery Research Network are responsible for a custom or policy that harmed him, the claims against these Defendants are dismissed with prejudice.  *See* 28 U.S.C. § 1915A(b).

### C.  Amendment is Required

Finally, the Court will explain why amendment is necessary, even though Plaintiff has stated some viable claims for relief.  The Complaint suffers from two major defects that must be

corrected.  *First*, the Complaint does not "substantially follow" the form that this Court requires for *pro se* civil rights complaints.  *See* S.D. FLA. L.R. 88.2(a).  The Court will provide Plaintiff with a copy of the approved form, which Plaintiff must use to file his amended complaint.  *Second*, the Complaint's factual allegations are not presented "in numbered paragraphs," and each claim against each defendant is not "stated in a separate count."  FED. R. CIV. P. 10(b).  Although the factual allegations in the Complaint, standing alone, are mostly sufficient to state a claim under § 1983, they must still be presented in a way that allows the Court to accurately adjudicate them and for Defendants to properly respond to them.  Plaintiff's amended complaint must, in short, state Plaintiff's claims in numbered paragraphs and divide each claim into separate counts as required by Rule 10(b).

For ease of reference, the Court will summarize what Plaintiff's amended complaint must have in order to comply with this Order: (1) it must be on the appropriate form required by S.D. FLA. L.R. 88.2; (2) it must be divided into numbered paragraphs and separate counts as required by FED. R. CIV. P. 10(b); (3) it must contain the same factual allegations and claims that the Court already found to be legally sufficient against Defendants PBSO, Waits, Faircloth, and Bradshaw;[6] and (4) it must allege additional facts, if any exist, which show that Defendants Perry and Mouhammed were deliberately indifferent to Plaintiff's serious medical needs.  If Plaintiff fails to comply with this Order, the Court may dismiss the remainder of this action.  *See* FED. R. CIV. P. 41(b).

---

[6]  The Court warns Plaintiff that the Complaint will be "wholly superseded by [his] amended complaint," so anything that was presented in his Complaint that is not repeated in Plaintiff's amended complaint <u>will not</u> be considered by the Court.  *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice**.  Plaintiff is **GRANTED** leave to file an amended complaint **not to exceed twenty (20) pages** in length.  On or before **October 20, 2023**, the amended complaint must be docketed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.  Plaintiff shall be provided a form complaint.

2.      The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

3.      The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

4.      Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

5.      Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders.  *See* FED. R. CIV. P. 41(b).

6.      Plaintiff's claims against Wellpath Medical, LLC and The Research Recovery Network, Inc. are **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915A.  The Clerk is instructed to **TERMINATE** these Defendants.

7.      Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] is **GRANTED** to the extent that Plaintiff need not prepay even a partial filing fee in this case, or prepay costs, such as for service of process.  Plaintiff owes the United States a debt of $350.00 which must be paid to the Clerk of Court as funds become available.  The prison having custody

of Plaintiff must make payments from the prisoner's account to the Clerk each time the amount in the account exceeds $10.00 until the full filing fee of $350.00 is paid.  The Clerk is **DIRECTED** to serve a copy of this Order on the Palm Beach County Sheriff's Office's Inmate Trust Fund Account Department and this Court's Financial Department.

8.    The Clerk's Office is instructed to administratively **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Bernard Ferguson
       0398915
       West Detention Center
       Inmate Mail/Parcels
       P.O. Box 1450
       Belle Glade, FL 33430
       PRO SE

       Palm Beach County Sheriff's Office
       ATTN: Inmate Trust Fund Department
       3228 Gun Club Road
       West Palm Beach, FL 33406

       Financial Department,
       United States District Court, Southern District of Florida

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

Case No. _____

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                        _____

All other names by which

you have been known:        _____

ID Number                   _____

Current Institution         _____

Address                     _____

                            _____
                            _____  _____  _____
                                     *City*              *State*        *Zip Code*

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

    Name                    _____

    Job or Title *(if known)*   _____

    Shield Number           _____

    Employer                _____

    Address                 _____

                            _____
                            _____  _____  _____
                                     *City*              *State*        *Zip Code*

    ❏ Individual capacity        ❏ Official capacity

Defendant No. 2

    Name                    _____

    Job or Title *(if known)*   _____

    Shield Number           _____

    Employer                _____

    Address                 _____

                            _____
                            _____  _____  _____
                                     *City*              *State*        *Zip Code*

    ❏ Individual capacity        ❏ Official capacity

Defendant No. 3

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

    _____

            *City*        *State*        *Zip Code*

    ❏ Individual capacity    ❏ Official capacity

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

    _____

            *City*        *State*        *Zip Code*

    ❏ Individual capacity    ❏ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ❏    Federal officials (a *Bivens* claim)

    ❏    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

❒       Pretrial detainee

❒       Civilly committed detainee

❒       Immigration detainee

❒       Convicted and sentenced state prisoner

❒       Convicted and sentenced federal prisoner

❒       Other *(explain)*  _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

D.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

_____

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

❐   Yes

❐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

❐   Yes

❐   No

❐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

❐   Yes

❐   No

❐   Do not know

If yes, which claim(s)?

_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

❐   Yes

❐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

❐   Yes

❐   No

E.      If you did file a grievance:

1.   Where did you file the grievance?

_____

2.   What did you claim in your grievance?

_____

3.   What was the result, if any?

_____

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.      If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

❒  Yes

❒  No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   ❐   Yes

   ❐   No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit
        Plaintiff(s)    _____
        Defendant(s)   _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*



   3.   Docket or index number

        _____

   4.   Name of Judge assigned to your case

        _____

   5.   Approximate date of filing lawsuit

        _____

   6.   Is the case still pending?

        ❐   Yes

        ❐   No

        If no, give the approximate date of disposition.    _____

   7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*



C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

❏   Yes

❏   No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

❏   Yes

❏   No

If no, give the approximate date of disposition _____

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff        _____

Printed Name of Plaintiff     _____

Prison Identification #       _____

Prison Address                _____

                              _____  _____  _____
                                        *City*                 *State*    *Zip Code*

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney         _____

Printed Name of Attorney      _____

Bar Number                    _____

Name of Law Firm              _____

Address                       _____

                              _____  _____  _____
                                        *City*                 *State*    *Zip Code*

Telephone Number              _____

E-mail Address                _____